UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT STEVEN HUDSON,      No. C 08-1357 SI (pr)

    Petitioner,     **ORDER TO SHOW CAUSE**

   v.

BEN CURRY, warden,

    Respondent.
                                /

## INTRODUCTION

Robert Steven Hudson, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Hudson reports in his petition that he was convicted in the Los Angeles County Superior Court of first degree murder and was sentenced in 1984 to 25 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Parole Hearings ("BPH") at a December 15, 2005 hearing that found him not suitable for parole.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Hudson alleges two claims in his petition. First, he alleges that the BPH's decision at the December 15, 2005 hearing that he was unsuitable for parole violated his right to due process because it was not supported by some evidence. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003). Second, he alleges his right to due process was violated because the BPH violated his plea agreement. Liberally construed, this claim is cognizable.

**CONCLUSION**

For the foregoing reasons,

1.   The due process claims are cognizable and warrant a response.

2.   The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.   Respondent must file and serve upon petitioner, on or before **October 10, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

1  showing cause why a writ of habeas corpus should not be issued. Respondent must file with the
2  answer a copy of all portions of the parole hearing record that have been previously transcribed
3  and that are relevant to a determination of the issues presented by the petition.
4      4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse
5  with the court and serving it on respondent on or before **November 14, 2008**.
6      IT IS SO ORDERED.
7  DATED: July 21, 2008

                                          SUSAN ILLSTON
8                                     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT S. HUDSON,　　　　　　　　　　　Case Number: CV08-01357 SI

　　　　　Plaintiff,　　　　　　　　　　　**CERTIFICATE OF SERVICE**

v.

BEN CURRY et al,

　　　　　Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Steven Hudson C-89346
CTF-Soledad, Corr. Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: July 22, 2008

　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　　By: Tracy Sutton, Deputy Clerk